**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.                                                                                                           Case No: 3:04cr96/RV
                                                                                                                 3:06cv214/RV/MD

**CARLETHA PURIFOY**

---

**REPORT AND RECOMMENDATION**

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 26).  Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified."  After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

**BACKGROUND and ANALYSIS**

Defendant pleaded guilty to kidnaping and weapons charges and was sentenced to a term of 360 months imprisonment on February 16, 2005.[1]  (Doc. 20).

---

[1] Defendant also indicates that she was sentenced to a term of natural life imprisonment in state court on September 21, 2005, on what appear to have been charges stemming from the same incident.  She is currently in custody of the Florida Department of Corrections, with a federal detainer lodged against her. See http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=737746620.

She did not appeal, but filed a motion to reduce her sentence which was docketed on May 10, 2006,[2] and the instant motion to vacate pursuant to 28 U.S.C. § 2255, which was docketed on May 12, 2006.[3]

Title 28 U.S.C. § 2255 imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255. To have been timely filed, defendant's motion should have been within one year from the date her criminal conviction became final. Clearly, it was not. As noted above, defendant was sentenced on February 16, 2005, and she did not appeal. If a defendant does not file an appeal, her conviction becomes final when the ten day time period for filing an appeal expires. See Fed.R.App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a). In this case, defendant's conviction and sentence became final ten days after sentencing, on March 2, 2005. Fed.R.Civ.P. 6(a). Therefore, it was facially untimely.

---

[2]No response to this motion has been filed, and it has not yet been ruled upon by the district court.

[3]Typically, a prisoner's submission is deemed filed as of the date it was delivered to prison officials for mailing. Although defendant signed her motion, she failed to fill in either the date the motion was executed, or the date it was provided to prison officials for mailing.

*Case No: 3:04cr96/RV; 3:06cv214/RV/MD*

Unless defendant establishes her entitlement to equitable tolling, her motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones v. United States*, 304 F.3d 1035, 1039-40; *Drew*, 297 F.3d at 1286). The onus is on the defendant to show that she is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones*, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon her rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).

The defendant appears to suggest that her lack of knowledge of the court system and her placement in a state facility excuses her late filing of the instant motion. However, her placement in a state facility is not the sort of "extraordinary circumstance" that warrants equitable tolling, nor is her lack of understanding of the law. See *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted." (quotation marks omitted)); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling...."); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (same). Therefore, her motion should be denied as untimely.

**Accordingly, it is respectfully RECOMMENDED:**

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 20) be summarily DISMISSED as untimely.

At Pensacola, Florida, this 22nd day of May, 2006.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**